J-S31042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JEFFREY REICHL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LINDA RIVERA | : | |
| | : | |
| | : | No. 1066 EDA 2025 |
| APPEAL OF: MARIA MALDONADO | : | |
| AND JUAN RIVERA | : | |

Appeal from the Order Entered April 9, 2025
In the Court of Common Pleas of Monroe County Civil Division at No(s):
002909-CV-2021

BEFORE:  PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED SEPTEMBER 30, 2025**

Appellants Maria Maldonado and Juan Rivera (collectively, Maternal Grandparents) appeal *pro se* from the trial court's order denying their petition to intervene in the custody action between Jeffrey Reichl (Father) and Linda Rivera (Mother) concerning the minor children Z.R. and E.R. (collectively, Children).  Maternal Grandparents argue that the trial court erred in its application of the Custody Act, failed to make findings of fact and conclusions of law, and failed to consider allegations of child abuse.  We vacate and remand for further proceedings.

The trial court summarized the procedural history of this appeal as follows:

On or about March 4, 2025, . . . Maternal Grandparents filed a *pro se* petition to intervene pursuant to 23 Pa.C.S. §[§] 5324(3) [and 5325] seeking primary physical custody of Z.R., whose date of

birth is December **, 2012, and E.R., whose date of birth is May **, 2015. Mother . . . is *pro se* and Father . . . is represented by Gary Saylor, Esquire.

A hearing was held before the Custody Hearing Officer, Amy Miller, Esquire, on April 7, 2025. Father was present and represented by Attorney Saylor, Mother was not present or represented, and [Maternal Grandparents] were present and were unrepresented. On April 7, 2025 the custody hearing officer recommended that [Maternal Grandparents'] petition for leave to intervene be denied. [The trial court] approved the custody hearing officer's determination on April 9, 2025. [Maternal Grandparents], rather than file exceptions pursuant to the Rules of [Civil] Procedure, filed an appeal . . . on April 21, 2025.

On April 25, 2025, the custody hearing officer issued a[n amended] report with findings to support the hearing officer's April 7th recommendation, again denying [Maternal Grandparents'] petition due to [Maternal Grandparents'] failure to meet the burden presented in 23 Pa.C.S. § 5324(3)(ii). [The trial court] issued an amended order on [May 1], 2025[], approving the custody hearing officer's decision for the reasons set forth in the custody hearing officer's April 25th report and recommendations. [Maternal Grandparents] did not file exceptions to [the May 1], 2025 order.

Trial Ct. Op., 5/13/25, at 1-2 (some formatting altered).

We add that Maternal Grandparents did not simultaneously file a concise statement of errors with their notice of appeal as required in a children's fast track appeal. *See* Pa.R.A.P. 1925(a)(2)(i), (b). The trial court filed its initial Rule 1925(a) opinion on May 13, 2025, requesting that this Court either quash this appeal or remand the case to the trial court for Maternal Grandparents to file exceptions to the April 9, 2025 order. Subsequently, this Court ordered Maternal Grandparents to file a Rule 1925(b) concise statement by May 23, 2025. *See* Order, 5/14/25, at 1. Maternal Grandparents complied and filed

a timely Rule 1925(b) concise statement.[1]  The trial court then issued a supplemental Rule 1925(a) opinion on May 28, 2025, reiterating its request that this Court either quash the appeal or remand this matter for further proceedings.

On appeal, Maternal Grandparents raises the following issues for review:

1. Whether the trial court erred by denying the Petition to Intervene without applying 23 Pa.C.S. §§ 5324(3) and 5325.

2. Whether the trial court violated Pa.R.C.P. 1915.10(b) and due process by issuing an order without findings of fact or legal conclusions.

3. Whether the [trial] court erred by denying a hearing despite abuse allegations supported by a police report and affidavit from the child's sibling.

4. Whether the [trial] court violated Kayden's Law and 23 Pa.C.S. § 5329.1 by ignoring credible abuse disclosures.

5. Whether the cumulative procedural defects and denial of familial access violate constitutional rights under the First and Fourteenth Amendments [to the United States Constitution] and 42 U.S.C. § 1983.

Maternal Grandparents' Brief at 7 (some formatting altered).

**Appealability of Order**

Initially, we must determine whether the instant appeal is properly before this Court.  The trial court suggests that this appeal should be quashed as interlocutory.  **See** Trial Ct. Op., 5/13/25, at 2-4.  Specifically, the trial court concludes that the April 9, 2025 order is not a final order because

---

[1] Although Maternal Grandparents both signed their Rule 1925(b) concise statement, the trial court's docket lists Mother as the party who filed the Rule 1925(b) statement instead of Maternal Grandparents.

Maternal Grandparents failed to file exceptions to the hearing officer's recommendation. *See id.* at 2-3; Trial Ct. Op., 5/28/25, at 1-2. The trial court further observes that Maternal Grandparents failed to request that the trial court certify that order as a final order pursuant to Pa.R.A.P. 341(c). *See* Trial Ct. Op., 5/13/25, at 3-4. Alternatively, the trial court requests that this Court remand this matter for Maternal Grandparents to file exceptions to the hearing officer's report. *See* Trial Ct. Op., 5/28/25, at 2; *see also* Trial Ct. Op., 5/13/25, at 4.

"Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." *In re N.B.*, 260 A.3d 236, 241 (Pa. Super. 2021) (citation omitted).

This Court has explained:

Generally, for an order to be appealable, it must be (1) a final order, Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-312; or (3) a collateral order, Pa.R.A.P. 313.

\* \* \*

The "collateral order doctrine" exists as an exception to the finality rule and permits immediate appeal as of right from an otherwise interlocutory order where an appellant demonstrates that the order appealed from meets the following elements: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *See* Pa.R.A.P. 313.

Our Supreme Court has directed that Rule 313 be interpreted narrowly so as not to swallow the general rule that only final orders are appealable as of right. To invoke the collateral order

doctrine, each of the three prongs identified in the rule's definition must be clearly satisfied.

*In re S.K.*, 331 A.3d 74, 79 (Pa. Super. 2025) (some citations omitted and formatting altered).

An order denying a petition to intervene in a custody action is appealable as a collateral order. *See M.S. v. J.D.*, 215 A.3d 595, 596 n.1 (Pa. Super. 2019).

Further, this Court has explained that

a hearing officer is authorized to hear an action for partial custody . . . . Pa.R.C[iv].P. 1915.4–1(a). As an alternative to a hearing before a hearing officer, a party in a partial custody and visitation case may, "**promptly** after the filing of the complaint," file a motion for a hearing before a judge where (1) there are complex questions of law and/or fact, or (2) the hearing will take longer than an hour, or (3) the parties certify to the court that there are serious allegations affecting the child's welfare. *See* Pa.R.C[iv].P. 1915.4–1(b)(1)–(3). If a request for a hearing before a trial judge is not made promptly after the [parties' initial contact with the court] . . . the action can proceed before a hearing officer as set forth in Rule 1915.4–2. *See* Pa.R.C[iv].P. 1915.4–1(a); 1915.4–2. This alternative procedure under Rule 1915.4–2 provides for an office conference, a hearing before a hearing officer, the opportunity to file exceptions and to brief and argue the exceptions before the trial court. *See* Pa.R.C[iv].P. 1915.4–2.

*T.B. v. L.R.M.*, 753 A.2d 873, 892 (Pa. Super. 2000).

Specifically, pursuant to Rule 1915.4–2, the hearing officer must file with the court and serve upon the parties a report which contains a recommendation and a proposed order. *See* Pa.R.Civ.P. 1915.4–2(b)(3). Afterwards, the parties have twenty days to file exceptions to the hearing officer's report. Any issues not raised in exceptions are deemed waived

unless, prior to the entry of a final order, the trial court grants leave to file exceptions. *See id.* at 1915.4–2(b)(4). "If no exceptions are filed within the twenty-day period, the court shall review the report and, if approved, enter a final order." *Id.* at 1915.4–2(b)(5). In *Raymond v. Raymond*, 279 A.3d 620 (Pa. Super. 2022), the grandparents filed a complaint for custody of their granddaughter, and the trial court scheduled the matter for a hearing before a hearing officer.[2] *See Raymond*, 279 A.3d at 623-24. The hearing officer issued a report recommending that the trial court dismiss the grandparents' complaint for lack of standing and the grandparents filed exceptions to the hearing officer's report. *See id.* at 624. The trial court ultimately dismissed the grandparents' exceptions and entered an order dismissing their custody complaint. *See id.* at 625.[3]

Here, the hearing officer filed a proposed order denying Maternal Grandparents' petition to intervene on April 7, 2025, which the trial court signed on April 9, 2025. Subsequently, the hearing officer filed an amended proposed order and recommendation, explaining why Maternal Grandparents' petition to intervene should be denied. The trial court signed the proposed

---

[2] We note that prior versions of the Rules of Civil Procedure and older cases use the term "master." This Court has noted that "'master' is now a disfavored term and should be replaced by 'hearing officer.'" *Raymond*, 279 A.3d at 626 n.8. We use "hearing officer" throughout this memorandum for consistency.

[3] The *Raymond* Court did not indicate whether the order dismissing the grandparents' custody complaint was appealable as a collateral order pursuant to Pa.R.A.P. 313 or as a final order under Pa.R.A.P. 341.

order on May 1, 2025. However, the trial court failed to enter a final order once the periods to file exceptions to the hearing officer's initial April 7, 2025 recommendation or to the hearing officer's April 25, 2025 report had expired. *See* Pa.R.Civ.P. 1915.4–2(b)(5) (providing that if no exceptions are timely filed, the trial court "**shall** review the report and, if approved, enter a final order" (emphasis added)); *see also* Pa.R.A.P. 1701(b)(6) (stating that a trial court may "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order").

Based on our review of the record, we agree with the trial court that Maternal Grandparents filed their notice of appeal before the twenty-day period to file exceptions to the hearing officer's report had expired and before the trial court entered a final order based on the recommendations in the report. *See* Pa.R.Civ.P. 1915.4–2(b)(4), (b)(5); *cf. Raymond*, 279 A.3d at 625. However, as stated above, the trial court failed to enter a final order pursuant to Pa.R.Civ.P. 1915.4–2(b)(5) once the twenty-day period to file exceptions had expired. "In these circumstances, considerations of judicial economy permit us to 'regard as done that which ought to have been done.'" *Franciscus v. Sevdik*, 135 A.3d 1092, 1093 n.2 (Pa. Super. 2016) (quoting *Johnson the Florist, Inc. v. TEDCO Constr. Corp.*, 657 A.2d 511, 514–15 (Pa. Super. 1995) (*en banc*)). For these reasons, we decline to quash this appeal.

**Trial Court's Request for Remand**

We next address the trial court's request that as an alternative to quashal, this Court remand this matter to the trial court and reinstate Maternal Grandparents' right to file exceptions to the hearing officer's report. **See** Trial Ct. Op., 5/28/25, at 2; **see also** Trial Ct. Op., 5/13/25, at 4. While we agree with the trial court that a remand for further proceedings is appropriate, we disagree that a remand for Maternal Grandparents to file exceptions *nunc pro tunc* is appropriate here. For the reasons set forth below, we instead vacate the trial court's April 9, 2025 order and remand for a hearing *de novo* before the trial court.

"An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances." 42 Pa.C.S. § 706.

As stated above, "a hearing officer is authorized to hear an action for **partial custody** . . . ." **T.B.**, 753 A.2d at 892 (citing Pa.R.Civ.P. 1915.4–1(a)) (emphasis added); **see also** Pa.R.Civ.P. 1915.4–2(b)(3) (providing that a hearing officer can make recommendations regarding "**partial custody or supervised physical custody**" (emphasis added)). In **Raymond**, this Court reiterated that "[w]hile the Rules of Civil Procedure authorize the appointment of a hearing officer to adjudicate actions for **partial** custody, it is well-settled that actions for **primary** custody must be heard by a trial court judge." **Raymond**, 279 A.3d at 626 (citations and footnote omitted) (emphases in

original); *see also McGee v. McDowell*, 333 A.3d 383, 390 (Pa. Super. 2025) (stating that "[b]oth statutory law and our Supreme Court mandate that matters relating to primary physical custody be heard by a trial judge" (citations omitted)). Therefore, the *Raymond* Court held that the trial court "should never have scheduled [the grandparents] complaint for sole custody before the" hearing officer. *Raymond*, 279 A.3d at 626; *see also McGee*, 333 A.3d at 391 (stating that "like *Raymond*, the trial court erred in permitting the parties to proceed before the Hearing Officer"). In *McGee*, this Court vacated the trial court's order denying exceptions and adopting the hearing officer's recommended order and remanded for further proceedings before the trial court. *See McGee*, 333 A.3d at 391, 393; *cf. Raymond*, 279 A.3d at 626-27 (concluding that because "the essential facts were uncontested, and the [grandparents'] standing issue turned on a pure question of law[,]" the trial court cured the error of appointing a hearing officer to hear the grandparents' custody complaint by "effectively conduct[ing] a *de novo* review" of the standing issue, which "was akin to an adjudication of standing in the first instance").

Here, Maternal Grandparents indicated in their petition to intervene and at the April 7, 2025 hearing that they were seeking sole physical custody of Z.R. and shared physical custody of E.R.[4] **See** Pet. to Intervene, 3/4/25, at

_____

[4] For reasons that are not clear from the record, the trial court indicated in its May 13, 2015 Rule 1925(a) opinion that Maternal Grandparents sought
*(Footnote Continued Next Page)*

- 9 -

7; N.T. Hr'g, 4/7/25, at 4. Therefore, we are constrained to conclude that the trial court erred by scheduling a hearing on Maternal Grandparents' petition to intervene before a hearing officer instead of before the trial court. **See Raymond**, 279 A.3d at 626; **see also McGee**, 333 A.3d at 391; Pa.R.Civ.P. 1915.4–1(a); Pa.R.Civ.P. 1915.4–2(b)(3). Further, our review of the record indicates that, unlike in **Raymond**, this matter does not involve uncontested facts. **See** N.T. Hr'g, 4/7/25, at 15-18 (indicating that Maternal Grandparents and Father disagree over who has caused mental distress to Z.R.). Accordingly, we vacate the trial court's April 9, 2025 order (as amended by the trial court's May 1, 2025 order) and remand for a hearing *de novo* before the trial court on Maternal Grandparents' petition to intervene. **See McGee**, 333 A.3d at 391, 393; **see also** 42 Pa.C.S. § 706.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2025

---

"primary physical custody" of Children instead of sole physical custody of Z.R. and shared physical custody of E.R. **Compare** Trial Ct. Op., 5/13/25, at 1 **with** Pet. to Intervene, 3/4/25, at 7.